## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARRISON ASATO,

                  Plaintiff,

    vs.

AEROTEK, INC.

                  Defendant.

CIVIL ACTION NO.: 4:26-CV-02108

**JURY TRIAL DEMANDED**

*ELECTRONICALLY FILED*

## COMPLAINT

Plaintiff, HARRISON ASATO, by and through his undersigned attorneys, brings this civil action for damages against the above-named Defendant, AEROTEK, INC., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.      This Complaint alleges illegal discrimination on the basis of Plaintiff's age, in violation of the laws and statutes of the United States of America, specifically, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et. seq.* (hereinafter referred to as "ADEA"), as well as pendent state law claims arising under the provisions of the laws of this Commonwealth, *to wit:* the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* (the "PHRA").

2.     This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

3.     This Honorable Court has jurisdiction to hear Plaintiff's pendent state law claim pursuant to 28 U.S.C. § 1367.

4.     Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

5.     Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. § 2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

## THE PARTIES

6.     Plaintiff, Harrison Asato ("Mr. Asato") is an adult male, presently seventy-one (71) years old, and resides in Lewisburg, Union County, Pennsylvania.

7.     Defendant, Aerotek, Inc. ("Aerotek"), is a Maryland corporation with corporate headquarters located at 7301 Parkway Drive, Hanover, Maryland 21076.

8.     Defendant operates as an "employment agency" as that term is defined by the ADEA. *See* 29 U.S.C. 630(c).

## ADMINISTRATIVE PROCEEDINGS

9.     Mr. Asato initiated a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was later formalized and docketed as

Charge No. 530-2025-00373 on or about October 14, 2024, with instruction to be cross-filed by the EEOC with the Pennsylvania Human Relations Commission ("PHRC") for purposes of being dual filed with the PHRC.

10.    Mr. Asato has been advised of his individual right to bring a civil action by receiving a Dismissal and Notice of Rights from the EEOC, dated May 5, 2026.

11.    All necessary and appropriate federal administrative prerequisites to the filing of this action have occurred and have been satisfied.

## STATEMENT OF FACTS

12.    On or about May 14, 2024, Mr. Asato applied for an electrician position through Defendant for a position with a third-party employer.

13.    The electrician position was based out of Selinsgrove, Snyder County, Pennsylvania.

14.    Defendant is an employment staffing agency.

15.    As an employment agency, Defendant connects employment applicants with Defendant's employer clients who are seeking employees for open employment positions.

16.    Defendant maintains control of which employment applicants are submitted to its employer clients for consideration by its employer clients.

17.    At the time of application, Mr. Asato's age was sixty-nine (69) years old.

3

18. Mr. Asato has decades of experience in a variety of electrical-based employment positions.

19. On or about May 15, 2024, Mr. Asato was contacted by a representative of Defendant, Nathan Ingersoll, based out of Defendant's Carlisle, Pennsylvania office.

20. Mr. Ingersoll reviewed Mr. Asato's application and praised Mr. Asato's qualifications.

21. On or about May 20, 2024, Mr. Asato attended an in-person interview for the electrician position with an Aerotek employee at its Williamsport, Pennsylvania office.

22. The employee with whom Mr. Asato interviewed, again, spoke highly of Mr. Asato's qualifications.

23. The May 20, 2024, interview was the first time Mr. Asato met an employee of Defendant face-to-face, providing the employee the opportunity to make a general assessment of Mr. Asato's age.

24. Mr. Asato attended a second in-person interview with Defendant on May 22, 2024.

25. The employee who interviewed Mr. Asato was not Mr. Ingersoll.

26.     On or about May 24, 2024, Mr. Ingersoll attempted to contact Mr. Asato by telephone on his landline phone at his home that he shares with his partner – and current spouse – Michelle Gardner, as Mr. Asato does not use a cellular phone.

27.     Ms. Gardner answered the telephone call from Mr. Ingersoll on May 24, 2024.

28.     Speaking to Mr. Asato's job application for the electrician position, Mr. Ingersoll informed Ms. Gardner that Mr. Asato would not receive the job position because, "they feel he is too old for the job."

29.     Under information and belief, Defendant did not forward Mr. Asato's application materials to the third-party employer and the third-party employer did not have an opportunity to evaluate Mr. Asato's application materials.

30.     As the third-party employer was not in receipt of Mr. Asato's application materials, the third-party employer could not have been the party who identified Mr. Asato as "too old" for the position.

31.     Instead, Defendant unilaterally decided that Mr. Asato was "too old" for the position and elected not to forward his application materials to the third-party employer.

32.     Defendant's decision not to forward Mr. Asato's application materials to the third-party employer, despite Mr. Asato being qualified for the position, deprived Mr. Asato of placement in the position.

33.    Defendant directly discriminated against Mr. Asato because of his age.

34.    Defendant violated Mr. Asato's rights under the ADEA.

## COUNT I

### ADEA VIOLATIONS
*Age Discrimination*

35.    All prior paragraphs are incorporated herein as if set forth fully below.

36.    At all relevant times hereto, Plaintiff was forty (40) years or older and, therefore, a member of a class of individuals protected against discrimination and harassment on the basis of his age when applying for employment with Defendant.

37.    The ADEA makes it "unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age." 29 U.S.C. 623(b).

38.    Under the ADEA, an "employment agency means any person regularly undertaking with or without compensation to procure employees for an employer and includes an agent of such a person; but shall not include an agency of the United States." 29 U.S.C. 630(c).

39.    Defendant is an "employment agency" as defined in the ADEA.

40.    Plaintiff was subjected to discrimination by Defendant on the basis of his age in violation of the ADEA, as Defendant failed to refer Mr. Asato to the third-

6

party employer to which he applied through employment-agency Defendant, solely because of Plaintiff's age.

41.     Defendant's failure to maintain a job-placement process free from discrimination on the basis of Plaintiff's age was intentional, malicious, and in reckless indifference to his protected federal rights.

42.     This discrimination on the basis of his age was specifically known to Defendant's management, including those with firsthand knowledge of Plaintiff's age and specifically responsible for job placement by Defendant, none of whom took any meaningful or effective action to remediate this unlawful conduct.

43.     Defendant likewise failed to exercise reasonable care to prevent, correct, and/or remedy this unlawful conduct.

44.     As a result of this discrimination on the basis of Plaintiff's age, Plaintiff has suffered economic loss, including loss of earnings, emotional distress, humiliation, and embarrassment, a loss of self-respect and confidence, and has been subjected to great damage to his career and professional reputation and standing.

**WHEREFORE**, Plaintiff, Harrison Asato, seeks the damages against Defendant, Aerotek, Inc., as set forth in the *Ad Damnum* clause of this Complaint, *see infra*, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II

### PHRA VIOLATIONS
*Age Discrimination – Disparate Treatment*
*(Plaintiff v. Defendant)*

45.    All prior paragraphs are incorporated herein as if set forth fully below.

46.    This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count II arise out of the same facts, events and circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

47.    By subjecting Plaintiff to discrimination on the basis of his age as described above, Defendant violated his state rights under the PHRA, which prohibits age discrimination.

48.    As more fully set forth in Count I, Plaintiff has suffered directly and solely as a result of Defendant's action, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

**WHEREFORE**, Plaintiff, Harrison Asato, seeks the damages against Defendant, Aerotek, Inc., as set forth in the *Ad Damnum* clause of this Complaint, *see infra*, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

8

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Harrison Asato, seeks the damages against Defendant, Aerotek, Inc., as set forth in the *Ad Damnum* clause of this Complaint, and that it enters an Order as follows:

a. Defendant is to be permanently enjoined from discriminating, harassing, and/or retaliating against Plaintiff on the basis of his age, and/or any basis prohibited under applicable federal and state law;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded liquidated damages as provided for under the ADEA;

e. Plaintiff is to be awarded damages for the pain, suffering, and humiliation caused to him by Defendant's actions as provided for under the PHRA;

9

f.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate as provided for under the ADEA and PHRA;

g.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of any applicable caps on certain damages set forth in applicable law;

i.  Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure the Defendant does not engage - or ceases engaging - in illegal retaliation against the Plaintiff or other witnesses to this action; and

j.  The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.


Dated: July 28, 2026                    Respectfully submitted,

                                        **WEISBERG CUMMINGS, P.C.**

                                        */s/ Michael J. Bradley*
                                        Michael J. Bradley, Esquire
                                        PA I.D. #: 329880
                                        mbradley@weisbergcummings.com

                                        */s/ Derrek W. Cummings*
                                        Derrek W. Cummings, Esquire
                                        PA I.D. #: 83286
                                        dcummings@weisbergcummings.com

                                        */s/ Larry A. Weisberg*
                                        Larry A. Weisberg, Esquire
                                        PA I.D. #: 83410
                                        lweisberg@weisbergcummings.com

                                        */s/ Steve T. Mahan*
                                        Steve T. Mahan, Esquire
                                        PA I.D. #: 313550
                                        smahan@weisbergcummings.com

                                        2704 Commerce Drive, Suite B
                                        Harrisburg, PA 17110-9380
                                        (717) 238-5707
                                        (717) 233-8133 (Fax)
                                        *Counsel for Plaintiff*